UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| CRAIG CLARK GREEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 4:19-CV-44-TAV-CHS |
| | ) | |
| CHAD GRAHAM, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION AND ORDER

This is a pro se prisoner's complaint for violation of civil rights filed pursuant to 42 U.S.C. § 1983. The matter is now before the Court for screening of the complaint pursuant to the Prison Litigation Reform Act ("PLRA").

## I. SCREENING STANDARD

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by

the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim, however. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

## II. ALLEGATIONS OF THE COMPLAINT

Plaintiff has filed the instant action against Chad Graham, the Mayor of Shelbyville, Tennessee, regarding conditions he faced while housed at the Bedford County Jail from March 9, 2019, until April 29, 2019 [Doc. 2 p. 3-4]. Plaintiff maintains that he was initially housed in cell block A, where he was denied recreation time and could not see out of the windows [*Id.*]. Plaintiff asserts that he complained about the conditions and was moved to

cell block C, where conditions were worse [*Id*. at 4].  Specifically, he contends that there was "no working air initially" in his cell block, that he was locked in an over-crowed cell for up to 22 hours per day, that the cell block was "filthy and leaked water constantly," and that the fan provided to inmates blew dirt and dust around, causing health problems [*Id*.].

Plaintiff states that he signed up for sick call and was given medication for his breathing problems and antibiotics for what was believed to be a spider bite [*Id*.].  Plaintiff maintains, however, that upon arrival at his current facility, the "spider bite" was determined to be a staph infection that has since been treated [*Id*.].

## III. ANALYSIS

Plaintiff sets forth no allegations against Mayor Chad Graham, the sole defendant named in this case.  A court may not impose liability under § 1983 based on a failure to act and/or a theory of *respondeat superior*.  *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).  Rather, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.  There are no allegations in Plaintiff's complaint that would allow the Court to plausibly infer that Defendant Graham violated Plaintiff's constitutional rights. Accordingly, Defendant Graham will be dismissed, and Plaintiff will be allowed fourteen (14) days within which to amend his complaint to name the defendant(s) personally involved in the alleged constitutional violations.

**IV.    CONCLUSION**

For the reasons set forth above:

1. Defendant Chad Graham is **DISMISSED**;

2. Plaintiff is **ORDERED** to amend this action within fourteen (14) days of the date of this order, identifying a defendant(s) personally involved in each constitutional violation alleged;

3. Plaintiff is **NOTIFIED** that if he fails to timely amend his complaint in accordance with this order, this action will be dismissed for failure to prosecute and to follow the orders of this Court; and

4. Plaintiff is **ORDERED** to immediately inform the Court of any address changes in writing.  Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently.  E.D. Tenn. L.R. 83.13.  Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

**ENTER**:

                                         s/ Thomas A. Varlan
                                         UNITED STATES DISTRICT JUDGE