UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| CRAIG CLARK GREEN, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No.: 4:19-CV-44-TAV-CHS |
|  | ) |  |
| CHAD GRAHAM, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## **MEMORANDUM OPINION**

This is a pro se prisoner's complaint under 42 U.S.C. § 1983. On June 14, 2019, the Court entered an order screening the complaint, dismissing Defendant Graham, and providing that Plaintiff had fourteen days from the date of entry of the order to file an amended complaint naming the Defendant(s) personally involved in the constitutional violations alleged in the complaint [Doc. 5 p. 3-4]. The Court also cautioned Plaintiff that if he failed to timely comply with that order, the Court could dismiss this action [*Id.* at 4]. To date, Plaintiff has not responded to the Court's order, and more than a month has passed.

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999).

The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

With respect to the first factor, the Court finds that Plaintiff's failure to respond to or comply with the Court's previous order is due to Plaintiff's willfulness and/or fault. Specifically, as set forth above, it appears that Plaintiff received the Court's order, but chose not to comply therewith. As such, the first factor weighs in favor of dismissal.

With respect to the second factor, the Court finds that Plaintiff's failure to comply with the Court's order has not prejudiced Defendants.

With respect to the third factor, the Court warned Plaintiff that the Court would dismiss this case if he failed to comply with the Court's order [Doc. 5 p. 4].

Finally, with respect to the fourth factor, the Court finds that alternative sanctions would not be effective. The Court granted Plaintiff leave to proceed *in forma pauperis* in this matter [Doc. 4] so he cannot afford monetary sanctions, and he has not pursued the case since filing his complaint and motion for leave to proceed *in forma pauperis* [Docs. 1 and 2], which reflects a lack of diligence.

For the reasons set forth above, the Court concludes that the relevant factors weigh in favor of dismissal of Plaintiff's action pursuant to Rule 41(b). The Court **CERTIFIES** that any appeal from this order would not be taken in good faith.

AN APPROPRIATE ORDER WILL ENTER.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE